IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CR-115-D
No. 7:22-CV-166-D

| | |
|---|---|
| TIMOTHY R. THACKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On September 7, 2022, Timothy R. Thacker ("Thacker" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 480-month sentence [D.E. 73] and filed a memorandum in support [D.E. 74]. Thacker is among the most notorious and relentless drug dealers in the history of this court. On January 23, 2023, the government moved to dismiss [D.E. 84] and filed a memorandum in support [D.E. 85]. On January 24, 2023, the court notified Thacker of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 86]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On February 6, 2023, Thacker responded in opposition [D.E. 87]. As explained below, the court grants the government's motion to dismiss and dismisses Thacker's motion to vacate.

I.

On May 15, 2018, in case number 7:18-CR-95-D, pursuant to a plea agreement, Thacker pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. See Rule 11 Tr. [D.E. 50] 6–15.[1] Thacker admitted that

---

[1] The citation is to the docket in case number 7:18-CR-95-D.

from no later than on or about January 1, 2016, to April 1, 2018, Thacker conspired to possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. See id. After the court accepted Thacker's guilty plea, the court granted the government's request to allow Thacker to remain free and to cooperate with law enforcement. See id. at 18–24.

Almost immediately after being released, Thacker continued to deal large quantities of methamphetamine. See Presetence Investigation Report ("PSR") [D.E. 44] ¶¶ 19–23.[2] On July 13, 2018, federal authorities arrested Thacker on a new federal indictment in case number 7:18-CR-115-D. See id. at ¶ 14; Sent. Tr. [D.E. 88] 20–23.

On February 5, 2019, in case number 7:18-CR-115-D, pursuant to a plea agreement, Thacker pleaded guilty to conspiracy to possess and distribute 500 grams of a mixture and substance containing a detectable amount of methamphetamine (count one) and possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine (count two). See [D.E. 32, 33]. The offense conduct in case number 7:18-CR-115-D arose when Thacker was on pretrial release in case number 7:18-CR-95-D. See PSR ¶¶ 14–23.

On August 6, 2019, the court held Thacker's sentencing hearing in both cases. The court adopted the facts as set forth in the PSR, heard witness testimony, and resolved Thacker's objections. See PSR ¶¶ 14–23; Sent. Tr. 3–30; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Thacker's total offense level to be 40, his criminal history category to be VI, and his advisory guideline range to be 360 months to life imprisonment. See Sent. Tr. at 29–30. During the sentencing hearing, the court also learned that Thacker had distributed crystal methamphetamine while inside the jail and after being arrested on federal charges. See id. at 22–24. After thoroughly considering all relevant

---

[2] The remaining citations are to the docket in case number 7:18-CR-115-D.

2

factors under 18 U.S.C. § 3553(a), the court sentenced Thacker to 480 months' imprisonment on count one in case number 7:18-CR-95-D, 480 months' concurrent imprisonment on count one in case 7:18-CR-115-D, and 360 months' concurrent imprisonment on count two in case number 7:18-CR-115-D. See id. at 46.

On August 21, 2019, Thacker appealed. [D.E. 48]. On December 9, 2020, the United States Court of Appeals for the Fourth Circuit affirmed Thacker's convictions, enforced the appellate waiver in each plea agreement, and dismissed Thacker's appeal concerning his sentence. See [D.E. 68, 69]; United States v. Thacker, 830 F. App'x 720 (4th Cir. 2020) (per curiam) (unpublished). Thacker did not seek review in the Supreme Court.

On September 7, 2022, Thacker moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 480-month sentence [D.E. 73]. In Thacker's memorandum, he argues that because "846 conspiracies [] do not require an overt act . . . 846 conspiracy convictions cannot support an enhancement under the career offender guidelines;" therefore, he is "actually innocent" of his three crimes of his conviction. See [D.E. 74] 1; [D.E. 87] 2–3. Thacker also argues that there was insufficient evidence for his three crimes of conviction and that his counsel was ineffective by not objecting to the career offender enhancement at sentencing. See [D.E. 74] 2–6; [D.E. 87] 3–6. The government moves to dismiss Thacker's motion for failure to state a claim upon which relief can be granted. See [D.E. 84].

II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544,

3

555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Thacker's motion is untimely. Section 2255(f) contains a one-year statute of limitations for petitions for collateral review. See 28 U.S.C. § 2255(f). Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

4

Id. § 2255(f)(1)–(4); see Johnson v. United States, 544 U.S. 295, 299–300 (2005); Whiteside v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc). As for section 2255(f)(1), Thacker's conviction became final on March 9, 2021, when the time for Thacker to petition for a writ of certiorari expired. See Clay v. United States, 537 U.S. 522, 525 (2003). Therefore, Thacker had until March 9, 2022, to timely file a section 2255 motion. Thacker did not, however, file his motion to vacate until September 7, 2022, almost six months after the deadline. See [D.E. 73]; Clay, 537 U.S. at 525; United States v. Mathur, 685 F.3d 396, 397–98 (4th Cir. 2012). Moreover, Thacker does not plausibly allege that any other timeliness provision of section 2255(f) applies to his case. Accordingly, Thacker's section 2255 motion is untimely.

As for equitable tolling, section 2255(f) is subject to equitable tolling, but nothing in the record suggests that equitable tolling applies. See Holland v. Florida, 560 U.S. 631, 649–54 (2010); Whiteside, 775 F.3d at 184–86; Rouse v. Lee, 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quotation omitted); see Holland, 560 U.S. at 649–54. Thacker has not alleged any such extraordinary circumstances. See, e.g., Holland, 560 U.S. at 649–54; Whiteside, 775 F.3d at 184–86. Thus, Thacker's section 2255 motion is untimely.

Alternatively, Thacker failed to raise his arguments on direct appeal about the section 846 conspiracy and the alleged lack of evidence for his three crimes of conviction. Therefore, the general rule of procedural default bars Thacker from presenting these claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621

5

(1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012).

Alternatively, the court rejects Thacker's argument that he is "actually innocent" of his three crimes of conviction because his violation of 21 U.S.C. § 846 is not a qualifying offense for career offender status under United States v. Norman, 935 F.3d 232, 239 (4th Cir. 2019). See [D.E. 74] 1; [D.E. 87] 2–3. The Fourth Circuit decided Norman, after Thacker's conviction and sentencing, and Norman does not apply retroactively. See, e.g., United States v. Anderson, CR No. 3:14-604, 2022 WL 395235, at *7 (D.S.C. Feb. 9, 2022) (unpublished). Moreover, actual innocence in the context of a section 2255 motion does not extend to sentencing enhancements under the advisory guidelines. See United States v. Jones, 758 F.3d 579, 584 (4th Cir. 2014); Dunn v. United States, No. 5:11-CV-773, 2014 WL 6694060 at *2 (E.D.N.C. Nov. 26, 2014) (unpublished). Furthermore, Thacker's sworn statements at his Rule 11 hearings belie his innocence claim. And, to the extent Thacker argues actual innocence because there was not enough evidence to support the legality of his guilty plea, the Fourth Circuit already has rejected Thacker's argument. See Thacker, 830 F. App'x at 722–23. Thacker has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Thus, the claims fail.

Alternatively, the collateral-attack waiver in each plea agreement bars Thacker's claims. In his plea agreements, Thacker agreed

> to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective

6

>assistance of counsel or prosecutorial misconduct not known to the
>Defendant at the time of the Defendant's guilty plea. The foregoing
>appeal waiver does not constitute or trigger a waiver by the United
>States of any of its rights to appeal provided by law.

[D.E. 33] ¶ 2(c); [D.E. 7] ¶ 2(c).[3] In light of Thacker's Rule 11 proceeding, the collateral-attack waiver in each plea agreement is enforceable. See Thacker, 830 F. App'x at 722–23; see also United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Other than Thacker's claim of ineffective assistance of counsel, Thacker's claims fall within each collateral-attack waiver. Accordingly, the waiver bars those claims.

As for Thacker's ineffective assistance of counsel claim, Thacker argues that his counsel was ineffective by failing to object to his sentence under Norman. See [D.E. 74] 6. Norman, however, was decided after Thacker was sentenced. Failure to anticipate a change in the law is not ineffective assistance of counsel. See e.g., United States v. McNamara, 74 F.3d 514, 516–17 (4th Cir. 1996). Thus, Thacker's counsel's failure to object to his sentence based on Norman was not deficient performance. See id.

After reviewing the claims presented in Thacker's motion, the court finds that reasonable jurists would not find the court's treatment of Thacker's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

---

[3] The citation is to the plea agreement in case number 7:18-CR-95-D.

7

III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 84], DISMISSES petitioner's motion to vacate [D.E. 73], and DENIES a certificate of appealability. Petitioner's motion for compassionate release [D.E. 71] remains pending. The Respondent SHALL file a response to petitioner's motion for compassionate release not later than September 8, 2023.

SO ORDERED. This 14 day of August, 2023.

JAMES C. DEVER III
United States District Judge